RYAN G. WELDON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front, Suite 401
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED

OCT 10 2025

Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 25-32-M-DWM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| BRADY ALLEN BATISTA, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Ryan G. Weldon, Assistant United States Attorneys for the District of Montana, and the defendant, Brady Allen Batista, and the defendant's attorney, Nicholas K. Brooke, have agreed upon the following:

| AUSA | DEF | ATTY | Date | | Page 1 |
|---|---|---|---|---|---|

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count 1 of the indictment, which charges Wire Fraud, in violation of 18 U.S.C. § 1343. Count 1 carries a maximum term of imprisonment of 20 years, a $250,000 fine, and up to three years of supervised release. The defendant also agrees to plead guilty to count 10 of the indictment, which charges Money Laundering, in violation of 18 U.S.C. § 1957. Count 10 carries a maximum term of imprisonment of 20 years, a $250,000 fine, and up to three years of supervised release. The defendant also agrees to plead guilty to count 20 of the indictment, which charges Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). Count 20 carries a mandatory minimum of two years, consecutive to any other offense, a $250,000 fine, and up to three years of supervised release.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 2-9, 11-19, and 21-24 of the indictment.

3. **Restitution:** The defendant agrees to pay complete restitution to the victims. The amount of losses caused by the defendant's criminal conduct will be

JCS  BB  NKB  10/9/25
AUSA  DEF  ATTY  Date                                                    Page 2

determined prior to sentencing hearing. The defendant agrees that this amount of restitution may be imposed in the judgment.

The defendant agrees this restitution includes all losses caused by the defendant's criminal conduct and relevant conduct, even if such losses resulted from counts dismissed, crimes not charged, or crimes not admitted by the defendant in the factual basis supporting his plea. 18 U.S.C. § 3663A(a)(3); 18 U.S.C. § 3663(a).

The defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613.

The defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties or restitution are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant agrees that it is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The defendant waives any requirement for demand of payment on any fine, restitution, or

assessment imposed by the Court and consents to immediate placement on the Treasury Offset Program.

4. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

- Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts 2-9, 11-19, and 21-24 of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts 2-9, 11-19, and 21-24 of the indictment are dismissed, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the United States.

5. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count 1 of the indictment. In pleading guilty, the defendant acknowledges that:

> **First**, the defendant knowingly devised or intended to devise a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises;
>
> **Second**, the statements made, or facts omitted, as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

---

| JCS | BB | NKB | 10/9/25 | | |
|---|---|---|---|---|---|
| AUSA | DEF | ATTY | Date | | Page 4 |

**Third**, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and,

**Fourth**, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

The defendant will plead guilty because the defendant is guilty of the charge contained in count 10 of the indictment. In pleading guilty, the defendant acknowledges that:

**First**, the defendant knowingly engaged or attempted to engage in a monetary transaction;

**Second**, the defendant knew the transaction involved criminally derived property;

**Third**, the property had a value greater than $10,000;

**Fourth**, the property was, in fact, derived from wire fraud; and,

**Fifth**, the transaction occurred in the United States.

The defendant will plead guilty because the defendant is guilty of the charge contained in count 20 of the indictment. In pleading guilty, the defendant acknowledges that:

**First**, the defendant knowingly used and possessed, without legal authority, a means of identification of another person;

**Second**, the defendant knew that the means of identification belonged to a real person; and,

**Third**, defendant did so during and in relation to a felony violation of wire fraud.

**6. Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing

all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

7. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at

the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

8. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

9. **Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may

appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

**10. Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

**11. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

**12. Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and

| KS | BB | NvB | 10/9/25 | |
|---|---|---|---|---|
| AUSA | DEF | ATTY | Date | Page 10 |

whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**13.** **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

**14.** **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement

///

///

///

between the parties.  Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

For _____
RYAN G. WELDON
Assistant U. S. Attorney
Date: 10/10/25

_____
BRADY ALLEN BATISTA
Defendant
Date: 10/9/25

_____
NICHOLAS K. BROOKE
Defense Counsel
Date: 10/9/25