TIMOTHY J. RACICOT
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front, Suite 401
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
E-mail: Tim.Racicot2@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 25-32-M-DWM |
|---|---|
| Plaintiff, | SENTENCING MEMORANDUM |
| vs. | |
| BRADY ALLEN BATISTA, | |
| Defendant. | |

## INTRODUCTION

The defendant, Brady Allen Batista, pleaded guilty to one count of wire fraud (Count 1), one count of money laundering (Count 10), and one count of aggravated identity theft (Count 20). PSR ¶ 4. He faces an advisory guideline range of 24 to 30 months for the wire fraud and money laundering and a

1

consecutive term of imprisonment of 24 months for the identity theft. PSR ¶¶ 112-114. Neither party objects to the guideline calculation and the parties anticipate resolving any objections to restitution before the hearing on February 19, 2026.

The United States recommends a sentence of imprisonment within the advisory guideline range on Counts 1 and 10 and the 24-month consecutive term on Count 20, to be followed by a total of three years of supervised release. The government also recommends the Court order Batista to pay restitution as determined at sentencing.

## RESTITUTION

The parties have reached a tentative agreement on restitution calculations and intend to file a joint statement prior to sentencing for the Court's consideration.

## RECOMMENDATION

Section 3553(a) of Title 18 of the United States Code contains prefatory language: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the Court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims.

While Batista's fraud started with Super Bowl tickets, he quickly expanded the scope of the scheme to include interests in real property, pontoon boats, F1 racing tickets, and a condo in Hawaii. Batista told his victims he had access to large quantities of Super Bowl tickets they could either use or sell on the secondary market. PSR ¶ 10. In reality, he was unable to obtain the number of tickets he promised his victims and he lied about his connections to various vendors. He adopted a similar approach when he broadened the scope of his scheme, lying to a victim about who owned certain real property, the pontoon boat, and the condo in Hawaii. Batista's scheme resulted in an intended loss of almost $1.1 million. PSR ¶ 48.

To cover up and perpetuate the fraud, Batista essentially operated a Ponzi scheme, taking money from one victim to repay another, which lulled them into parting with additional funds and delayed their reports to law enforcement. And he impersonated one of the ticket vendors by sending forged emails from a phony address, which provided temporary comfort to the victims. Batista did the same thing with the victim involved in the condo investment in Hawaii by manufacturing emails, purportedly from the owners of the property and a local lawyer, making it appear the transaction was legitimate. Those fraudulent communications formed the basis of the aggravated identity theft charges in the indictment.

Batista's crimes were sophisticated and serious, spanning several years and resulting in substantial losses for the victims. He took advantage of personal relationships and impersonated others to perpetuate the scheme, which underscores the seriousness of the offense and the need to promote a respect for the law and provide specific and general deterrence. A custodial sentence would provide Batista with needed medical care, particularly for his substance abuse issues, which also can be addressed on supervised release through the imposition of standard and special conditions.

Based on Batista's offense conduct and the application of the § 3553(a) factors, the United States recommends a term of imprisonment between 48 and 54

4

months, which represents a guideline sentence on Counts 1 and 10 and the consecutive 24-month term on Count 20, followed by three years of supervised release. The government also recommends a restitution judgment in the amount determined by the Court at sentencing.

DATED this 4th day of February, 2026.

        KURT G. ALME
        United States Attorney


        */s/ Timothy J. Racicot*
        Assistant U.S. Attorney
        Attorney for Plaintiff